```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
JORGE JAIME SOTO-GIL,
```
                                                                          **MEMORANDUM & ORDER**

              Petitioner,                              On § 2255 Application (doc. #1)

                                                                           No. 03-cv-5063 (DRH) (MLO)

      -against-

UNITED STATES OF AMERICA,

              Respondent.
```
------------------------------x
```

**APPEARANCES:**

**For the Petitioner:**
Jorge Jaime Soto-Gil, *Pro Se*
Reg. No. 84427-071
McRae Correctional Facility
1000 Jim Hammock Dr.
McRae, GA  31055

**For the Respondent:**
Roslynn Mauskopf
United States Attorney
Eastern District of New York
610 Federal Plaza
Central Islip, NY  11722
By: Robert P. LaRusso, Assistant U.S. Attorney

**HURLEY, Senior District Judge:**

       Petitioner Jorge Jaime Soto-Gil ("Petitioner" or "Soto-Gil") moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arising from his 2002 conviction in this Court. The basis for this § 2255 Application is two-fold: (1) ineffective assistance of trial counsel, and (2) incorrect calculation of Petitioner's net offense Guideline level.  For the reasons set forth below, the Application is DENIED.

## I. BACKGROUND

On July 17, 2002, Soto-Gil plead guilty to a one-count information charging him with conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. § 846. At that time, he was represented by Attorney Joseph A. Gentile of Frankie & Gentile, pursuant to a CJA appointment. Also at that time, Soto-Gil presented himself as Oscar Fernando Vindas-Fonseca, a Costa Rican national with no prior criminal record. Indeed, this false identity was perpetrated by Petitioner from the time of his March 7, 2002 arrest until August 7, 2002. On August 7th, during a pre-sentence interview with the Probation Department, Soto-Gil was confronted with the results of a fingerprint check which disclosed his true identity and nationality, *i.e.*, being Jorge Jaime Soto-Gil, a Colombian national with a prior felony drug conviction for functioning as a courier in a large-scale cocaine distribution.

The revelation of Petitioner's true identity and true criminal history had significant consequences on Soto-Gil's case. For example, the Government withdrew its original Plea Agreement with Soto-Gil. Under that original Agreement, the Government was to propose an applicable Guideline level of 19 with a possible sentence of 30 to 37 months,[1] despite having

---

[1] According to the June 3, 2002 Plea Agreement entered into between the Government and the Petitioner (then believed to be Costa Rican Vindas-Fonseca):

> Based on information known to the Office [of the U.S. Attorney] *at this time*, the Office estimates the likely adjusted offense level under the Sentencing Guidelines to be level 19, which is predicated on the following Guidelines calculation: (1) level 26 for conspiring to possess with intent to distribute over 100 kilograms of marijuana pursuant to U.S.S.G. § 2D1.1(7); (2) two points off for minor participant in the offense pursuant to U.S.S.G. § 3B1.2(b); (3) two points off provided the defendant satisfies the safety value provisions of U.S.S.G. § 5C1.2; and (4) three points off for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. This

been advised by the Magistrate Judge at his initial plea allocution that the applicable conspiracy charge carried a mandatory minimum sentence of five years (*i.e.*, 60 months).[2] When Petitioner's true identity came to light, however, the Plea Agreement was modified, and the Probation Department revised its recommended imprisonment sentence to 70 to 87 months. (*See* Pre-Sentence Report ("PSR") at ¶61, attached as Ex. 4 to Gov'ts' Response.) This recommended increased sentence included an adjustment for obstruction-of-justice adjustment and no longer included an acceptance-of-responsibility adjustment. (*See id.* at ¶¶24-31.)

Soto-Gil's attorney acknowledged the increased sentence consequence. In a letter to the Court, Soto-Gil's attorney stated, *inter alia*:

> Obviously, the legal implication from these developments [*i.e.*, learning the true identity and criminal record of Petitioner] rendered the terms of the original plea agreement to be inapplicable. Further, counsel for defendant and the government will need to have discussions regarding whether a plea agreement can be modified to reflect the present circumstances and, at the same time, resolving collateral legal issues resulting from these revelations.
> At this time, although the defendant understands that the guideline estimates at the time of the plea allocution are no longer applicable, he is not requesting formal withdrawal of his guilty plea despite enhanced penalties (mandatory statutory minimum) provided an agreement regarding the collateral consequences of these revelations can be achieved with the government.

---

level carries a range of imprisonment of 30 to 37 months, *assuming that the defendant has no prior convictions*.

(*United States v. Oscar Fernando Vindas-Fonseca*, No. 02-cr-312 (DRH), Plea Agmt. at ¶2 (E.D.N.Y. June 3, 2002) (emphasis added), attached as Ex. 3 to Gov'ts' Response (doc. #5).)

[2] Before the revelation of the Petitioner's true identity and under the original Plea Agreement, the Government had agreed to recommend a safety-valve adjustment, thereby allowing a sentence below the statutory mandatory minimum.

(Letter from Joseph A. Gentile, Esq., Frankie & Gentile, P.C., to Hon. Denis R. Hurley, U.S. District Court Judge, Eastern District of New York (Aug. 12, 2002), attached as Ex. 5 to Gov'ts' Response.)  In the end, Soto-Gil re-affirmed his guilty plea.

> THE COURT: Judge Orenstein took the plea in this case. I reviewed the plea minutes. It appears to me that the allocution conforms with Rule 11. Accordingly, I'm prepared to accept the plea if that's satisfactory to both the government and defense. Mr. LaRusso, satisfactory?
>
> MR. LaRUSSO: It is, your Honor. I should note that on the 4th you conducted quite a lengthy inquiry of the defendant regarding the plea that he entered, and the defendant had admitted on the record at that time that he was well aware of all the consequences of his actions, withholding his identity, and still voluntarily agreed to have that plea stand.
>
> THE COURT: Thank you. I think that's a correct statement. We went through this on a prior occasion. We have basically the plea allocution that was taken by Judge Orenstein, and then the subsequent discussion concerning whether the defendant was electing to stand by his plea. I'm prepared, now, to accept the plea based on everything that's transpired thus far, unless there's some reason I shouldn't do so. As I understand it, the government has no objection to that. Does the defense have any objection?
>
> MR. GENTILE: Absolutely none, your Honor. As you may recall, it was our request to ask for that supplemental conference because we felt, to make the record clear, it should be indicated that we continued with the plea. We had negotiations with the government regarding any collateral issues relating to what

>               occurred. Mr. Soto-Gil's position is we
>               want to go forward.
>
> THE COURT:    The plea is accepted.

(Soto-Gil Sent. Hrg. at 2:16-3:23, attached as Ex. 6 to Gov'ts' Response.) Before imposing sentence, the Court further engaged Petitioner in the following colloquy:

> THE COURT:       Sir, are you ready to proceed?
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT:       Have you reviewed the presentence report
>                  with your attorney with the aid of an
>                  interpreter?
>
> THE DEFENDANT:   Yes, sir.
>
> THE COURT:       You have been represented by Mr. Gentile.
>                  Are you satisfied with the legal
>                  representation that he has furnished you?
>
> THE DEFENDANT:   Yes, sir, very good.

(*Id.* at 4:4-13.) Thereafter, the Court did impose a 60-month sentence. However, it did not follow all the recommendations of the Probation Department.

In its PSR, the Probation Department recommended a base offense level of 26 with (1) a two-point increase for obstruction-of-justice resulting from Petitioner's deceit of identity and corresponding deceit of criminal past, (2) a two-point reduction for Petitioner's minor role in the criminal offense, and (3) no adjustment for acceptance of responsibility, arguing Petitioner's obstruction negated the basis for granting an acceptance-of-responsibility departure. Thus, the PSR proposed a net offense level of 26. With a criminal history of II,[3] this placed the Guideline

---

[3] The Probation Department recommended a criminal history category of II. (*See* PSR at ¶35, attached as Ex. 4 to Gov'ts' Response.) There was no dispute as to this category.

imprisonment range at 70 to 87 months.

Defendant's counsel, Attorney Gentile, filed a formal objection to the revised PSR raising two objections. First, counsel argued for a three-point acceptance-of-responsibility downward adjustment, notwithstanding the obstruction-of-justice adjustment. Second, counsel objected to Soto-Gil receiving a two-point minor-role reduction as opposed to a four-point minimal-role reduction.

After a discussion with the Government and Attorney Gentile and noting that the Government was not opposing the granting of an acceptance-of-responsibility adjustment based on the circumstances of the case, (*see* Soto-Gil Sent. Hrg. at 6:5-12, attached as Ex. 6 to Gov'ts' Response), the Court granted a three-point downward adjustment for acceptance of responsibility. However, it overruled Petitioner's objection to the two-point minor-role reduction, finding Petitioner's "involvement was sufficiently substantial and significant to warrant a minor participant adjustment, not a minimal participant adjustment." (*Id.* at 8:12-14.) The Court also noted that Petitioner was not eligible for the safety-valve adjustment. (*See id.* at 8:16-17.) Thus, the Court calculated Soto-Gol's net offense level at 23. Given Petitioner's criminal history category of II, together with his 23 offense level, Petitioner's Guideline range for imprisonment was 51 to 63 months. However, since Petitioner was subject to a statutory mandatory minimum of five years, "[t]hat means in effect that the guideline range here is really 60 to 63 months." (*Id.* at 9:1-2.) Both the Government and Petitioner's counsel agreed with this assessment. (*See id.* at 9:3-4, 9:16-20.)

After sentencing Soto-Gil to 60 months' imprisonment, *inter alia*, the Court advised Petitioner that he had a right to appeal the Court's sentence.

| | |
|---|---|
| THE COURT: | As far as the question of appeal, there is a plea agreement in this case. Under the plea agreement, if the sentence imposed included a period of incarceration of 37 months or less, then he would have no right to appeal. Of course, here, the period of incarceration is 60 months; and, accordingly, it would appear to me he does have a right to appeal and, therefore, I will so advise him. Mr. Soto-Gil, you have a right to appeal this conviction and sentence and there are fairly tight time constraints. If you are going to appeal, you have to proceed with dispatch. If you don't, you can lose your right to appeal simply because of the passage of time. I also advise you that if you cannot afford an attorney for purposes of appeal, one would be appointed for you free of charge. Sir, do you understand what I said concerning the issue of appeal? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Mr. Gentile, will you advise Mr. Soto-Gil today or the beginning of next week as far as the time constraints and procedures that have to be followed for him to pursue his right to appeal? |
| MR. GENTILE: | I certainly will, your Honor. |

(*Id.* at 13:21-14:19.) Shortly thereafter, on December 18, 2002, Attorney Gentile wrote Mr. Soto-Gil. Among other issues addressed, Attorney Gentile stated: "Although you were advised of your right to appeal based on the granting of the reduction for acceptance of responsibility, we concluded that there are no appellate issues. Therefore, although there is a right to appeal, you agreed that no appeal will be filed in this matter." (Letter from Joseph A. Gentile, Esq., Frankie & Gentile, P.C., to Oscar Fernando Vindas-Fonseca, a/k/a Jorge Jaime Soto-Gil (Dec. 18, 2002),

7

attached as Ex. 8 to Gov'ts' Response.) Attorney Gentile had his December 18th letter translated into Spanish for Petitioner.

## II. Petitioner's § 2255 Application

Soto-Gil raises two arguments in support of his § 2255 Application. He first argues that his trial attorney, Mr. Gentile, was ineffective because counsel supposedly refused to file an appeal even though Petitioner asserts he still had time to do so. Petitioner also asserts that the Court miscalculated his offense level resulting in his being sentenced too long.

## III. Discussion

### A. *Ineffective Assistance of Counsel: The* Strickland *Standard*

When one raises a claim of ineffective assistance of counsel, that claim must be examined under the Supreme Court's dual-pronged rubric articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, a claimant must first establish that his counsel's representation "fell below an objective standard of reasonableness" judged by "prevailing professional norms." *Id.* at 688. The claimant must then demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. If either prong is not satisfied, the claimant's challenge must fail. *See id.* Moreover, judicial scrutiny of counsel's performance is "highly deferential". *Id.* at 689.

### B. *Alleged Ineffective Assistance of Counsel in the Instant Case*

Petitioner cannot make the required *Strickland* showings. First, given the facts and circumstances of Petitioner's criminal case, his attorney's performance did not fall below the

8

prevailing professional norms for attorneys practicing in this area. In addition to the Court advising Petitioner of his right to appeal his conviction and sentence,[4] a review of the sentencing transcript shows Petitioner's attorney agreeing to "advise Mr. Soto-Gil today [December 13, 2002] or the beginning of next week as far as the time constraints and procedures that have to be followed for him to pursue his right to appeal[.]" (Soto-Gil Sent. Hrg. at 14:15-18; *see id.* at 14:19, attached as Ex. 6 to Gov'ts' Response.) Indeed, it is apparent from Attorney Gentile's December 18, 2002 letter to Soto-Gil that counsel and client did discuss the issue of appeal, but that after that discussion, Soto-Gil decided not to pursue an appeal. Attorney Gentile wrote: "Although you were advised of your right to appeal based on the granting of the reduction for acceptance of responsibility, *we concluded that there are no appellate issues. Therefore, although there is a right to appeal, you agreed that no appeal will be filed in this matter*." (Letter from Joseph A. Gentile, Esq., Frankie & Gentile, P.C., to Oscar Fernando Vindas-Fonseca, a/k/a Jorge Jaime Soto-Gil, at 2 (Dec. 18, 2002) (emphasis added), attached as Ex. 8 to Gov'ts' Response.) The Petitioner does not dispute that he received this letter (or a Spanish translation thereof); thus, the Court presumes Soto-Gil's acquiescence to the same. If Petitioner had a change of heart about filing an appeal after the time to file such appeal has expired, this does not morph the situation into one of ineffective assistance of counsel. (*See* Pet'r's § 2255

---

[4] A review of the sentencing transcript demonstrates that Soto-Gil was advised (1) of his right to appeal his conviction (*see* Soto-Gil Sent. Hrg. at 14:4-5, attached as Ex. 6 to Gov'ts' Response), (2) the time within which to file an appeal was very limited (*see id.* at 14:5-7),(3) that if he did not timely file an appeal, he waived his right to do so (*see id.* at 14:7-8), and (4) that if he could not afford an attorney to pursue an appeal, one would be provided to him "free of charge"(*id.* at 14:9-11).

Application at ¶ 11(d).)[5]  In sum, Soto-Gil has not shown that his trial counsel's representation fell below an objective standard of reasonableness judged by prevailing professional norms; thus, his ineffective-assistance-of-counsel claim must fail.

Examining Attorney Gentile's performance in Petitioner's case through the required "highly deferential" lense, *see Pratt v. Greiner*, 306 F.3d 1190, 1196 (2d Cir. 2002), the Court finds that performance falls comfortably within "the wide range of professionally competent assistance," *Strickland*, 466 U.S. at 690.  Therefore, Petitioner cannot establish the first of *Strickland*'s dual-pronged analysis, *i.e.*, the deficiency prong.  Thus, the Court need not examine *Strickland*'s required second-prong, namely, the prejudice prong.[6]  *See id.* at 697 (instructing that

---

[5] In response to the Application question "If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not," Petitioner answered:

> I want to submitt the appeal, and my lawyer told me that is too late.
> Because when he receive the J[udgment] & C[onviction] and send
> it to me three weeks already had past.  For this reason he concluded
> that I can't longer appeal and that is not true.

(Pet'r's § 2255 Application (dated Sept. 29, 2003) at ¶ 11(d).)

[6] Even if the Court were to examine Soto-Gil's case under the *Strickland* prejudice paradigm, Soto-Gil could not make the required showing of a reasonable probability that, but for Attorney Gentile's alleged unprofessional errors, the result of his sentencing would have been different.  Indeed, as previously stated, Soto-Gil was subject to a statutory mandatory minimum sentence of five years, *i.e.*, 60 months.  Thus, despite the original Pleas Agreement or its modified version, Petitioner was always subject to a minimum sentence of 60 months.  Furthermore, the record shows that Attorney Gentile objected to the Probation Department's recommendation that Petitioner not be credited with an acceptance-of-responsibility adjustment because of the recommended obstruction-of-justice adjustment.  But for this objection made by Attorney Gentile, it is likely that no such downward adjustment would have been granted.  (*See* Soto-Gil Sent. Hrg. at 5:2-6:12, 7:17-25, attached as Ex. 6 to Gov'ts' Response.)  By granting this adjustment, together with others, Soto-Gil's offense level range feel around the statutory mandatory minimum of 60 months, to wit, 51 to 63 months.  (*See id.* at 8:16-9:2.)  This is substantially lower that the Probation Department's recommendation of 70 to 87 months.  (*See* PSR at ¶61, attached as Ex. 4 to Gov'ts' Response.)  Thus, the record before the Court is devoid

federal courts need not address both components of ineffective assistance analysis where a petitioner fails to establish either component).

## C. Alleged Miscalculation of Offense Level

Petitioner Soto-Gil also argues that his Guideline offense level should have been 21. This argument is meritless for the simple fact that Petitioner, while identifying the adjustments that lowered his offense level, fails to include the adjustment that increased it. A simple comparison of the Court's calculation with Soto-Gil's calculation will highlight Soto-Gil's mistake:

|  | Court's Calculation | Petitioner's Calculation |
|---|---|---|
| Base Offense Level | 26 | 26 |
| *Plus:* Obstruction-of-Justice Adjustment | +2 | *Not included in calculation.* |
| *Less:* Acceptance-of-Responsibility Adjustment | -3 | -3 |
| *Less:* Minor-Participant Adjustment | -2 | -2 |
| **NET OFFENSE LEVEL:** | 23 | 21 |

Soto-Gil failed to include the two-point obstruction-of-justice upward adjustment the Court made following the Probation Department's recommendation and conceded to by Soto-Gil's attorney. (*See* Soto-Gil Sent. Hrg. at 10:14-18, attached as Ex. 6 to Gov'ts' Response; Letter from Joseph A. Gentile, Esq., Frankie & Gentile, P.C., to Hon. Denis R. Hurley, U.S. District Judge, Eastern District of New York, at (unnumbered) 5 (Nov. 14, 2002) ("[T]he defense view is that the obstruction enhancement is probably applicable but the acceptance of responsibility adjustment is equally applicable."), attached as Ex. 7 to Gov'ts' Response; *cf.* PSR at ¶¶24-31, attached as Ex.

---

of any but-for prejudice necessary to make the required *Strickland* prejudice showing to support a claim of ineffective assistance of counsel.

4 to Gov'ts' Response.)  Thus, it is clear that it is Petitioner who is mistaken in his calculation of the applicable net offense level, not the Court.

## *CONCLUSION*

For the foregoing reasons, Soto-Gil's § 2255 Application is DENIED.

Pursuant to Fed. R. App. P. 22(b) and 28 U.S.C. § 2253 (c)(2), a certificate of appealability is denied, as Petitioner has not made a substantial showing of a denial of a constitutional right.  *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of Court is directed to (1) serve a copy of this Order on the Petitioner, and (2) close this case.

**SO ORDERED**

Dated: Central Islip, New York
       May 30, 2007

/s/
Denis R. Hurley
Senior District Court Judge